ARMSTRONG, Judge.
In this action, the plaintiff, who was convicted of second degree murder, brought a petition for writ of mandamus seeking a copy of the complete transcript of all of the grand jury proceedings which led to his indictment as well as tape recordings of those grand jury proceedings and the names and addresses of the grand jurors. He named as defendants the district attorney, two assistant district attorneys and a court reporter. The district attorney has refused to comply with the plaintiffs requests, except to supply what is, apparently, only a portion of the grand *979 jury transcript. The district attorney cites the law that grand jury proceedings are, with some limited exceptions, to be kept secret.
The trial court denied the writ of mandamus on the ground that the plaintiff had failed to prove the requisite particularized need for grand jury materials. The plaintiff appeals that denial. The trial court’s decision is subject to review only for abuse of discretion. State v. Trosclair, 443 So.2d 1098, 1103 (La.1983).
It is well established in the law that there is a strong public policy of maintaining the secrecy of grand jury proceedings and that the “indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity.” State v. Trosclair, 443 So.2d 1098 (La.1983). A party seeking disclosure of grand jury materials must demonstrate compelling need |2“with particularity” and must prove that, absent the disclosure, he will be “greatly prejudiced.” Id.
In the present case, the plaintiff asserts that he needs the grand jury materials in connection with post-conviction relief to prove perjury by prosecution witnesses and to discover exculpatory evidence. However, the Trosclair court specifically held that: “A general claim such as that made by Trosclair that the disclosure of grand jury transcripts would reveal exculpatory evidence or evidence of perjury is usually not sufficient to satisfy the requirement of showing particularized need.” 443 So.2d at 1103. In Trosclair, the court noted that the defense counsel gave no specific facts to show the court that there was reason to believe the defense assertions as to the existence of perjury or exculpatory evidence. 443 So.2d at 1102. The situation in the present case is quite similar to Trosclair. There are no specific reasons to believe that the plaintiffs allegations as to perjury or exculpatory evidence are correct. Therefore, under the Trosclair rule, the plaintiff is not entitled to the grand jury materials. Consequently, there was no abuse of discretion by the trial court in denying the plaintiffs petition for writ of mandamus.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.